# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

IN RE: THE COMPLAINT AND PETITION
OF INLAND DREDGING COMPANY, LLC,
AS OWNER AND OPERATOR OF THE M/V
MS. PAULA, ITS ENGINES, TACKLES, ETC.,
IN A CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY,

CAUSE NUMBER 1:04CV219-P-D

## ORDER

This matter comes before the court upon Claimant Ricardo Sanchez's Motion to Lift Stay [8-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The motion is not well-taken and should be denied.

Inland Dredging Company, LLC, as the owner and operator of M/V MS. PAULA, filed the instant Complaint for Exoneration from or Limitation of Liability in this court on July 16, 2004. On July 23, 2004, the claimant, Ricardo Sanchez, filed a complaint for damages expressly pursuant to Rule 9(h) of the Federal Rules of Civil Procedure regarding Admiralty and the Jones Act, 46 U.S.C. § 688 in the United States District Court for the Southern District of Texas, Galveston Division, Cause Number G-040469.[1] On July 19, 2004, this court entered an Order restraining and enjoining all claims and proceedings against Inland Dredging, which includes the claimant's action in the federal court located in the Southern District of Texas.

On January 19, 2005, the claimant filed the instant motion to lift the July 19, 2004 stay to

---

[1] The claimant avers that as of the filing of the suit in the Southern District of Texas, he was unaware of the instant suit.

allow him to pursue his admiralty action in Galveston. Essentially, he argues that the saving to suitors clause, 28 U.S.C. 1333(1), which provides that "[t]he district courts shall have original jurisdiction ... of (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled," allows him to proceed with his admiralty action in Galveston given that he has filed with this court a stipulation to protect the rights of Inland Dredging in this exoneration from or limitation of liability proceeding.

Inland Dredging argues that the saving to suitors clause does not operate to save the claimant remedies filed in admiralty in federal court, but rather saves only remedies available at common law either in state or federal court. The claimant, argues Inland Dredging, expressly filed a suit in admiralty under the Jones Act, which is not a suit at common law.

After considering the briefs and the authorities cited therein, the court concludes that Inland Dredging is correct. Indeed, the U.S. Supreme Court in *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001) wrote that after "[t]racing the development of the [§ 1331(1) saving to suitors] clause since the Judiciary Act of 1789, it appears that the clause was designed to protect remedies available at **common law**. ... We later explained that the clause extends to 'all means **other than proceedings in admiralty** which may be employed to enforce the right or to redress the injury involved.'" *Id.* at 454 (emphasis added, internal citations omitted).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Claimant Ricardo Sanchez's Motion to Lift Stay [8-1] is hereby **DENIED**.

**SO ORDERED** this the 25th day of July, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE